## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| D. KRESS, *individually and on behalf of all those similarly situated,*<br>140 W. Browning Road<br>Bellmawr, NJ 08031<br><br>          Plaintiff,<br><br>     v.<br><br>FULTON BANK, N.A.,<br>One Penn Square<br>Lancaster, PA 17602<br><br>          Defendant. | No.<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER NEW JERSEY WAGE PAYMENT LAW<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER NEW JERSEY COMMON LAW<br><br>**JURY TRIAL DEMANDED** |

## **INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff D. Kress (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Fulton Bank, N.A. (hereinafter referred to as "Defendant").

### **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law as amended by P.L.2019, c. 212 ("NJWHL"), New Jersey Wage Payment Law as amended by P.L.2019, c. 212 ("NJWPL"), and the common law of New Jersey ("Common Law"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA and NJWHL and owed non-overtime wages in violation of the NJWPL and Common Law.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a company doing business in New Jersey at various locations including at the address set forth above.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of teller supervisors, tellers, and/or other similar non-exempt employees presently and formerly employed by Defendant subject to Defendant's pay practices and policies described herein and who worked for Defendant at any point from the three years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendant within the last three years whom Defendant failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage and Hour Law)

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings her claims asserting violations of the NJWHL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked for Defendant as teller supervisors, tellers, and /or in other non-exempt, hourly positions, who are or were subject to Defendant's pay practices and policies described herein at any point from the six years prior to the date that the instant action was initiated through the present (the members of this putative class are referred to as "WHL Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all WHL Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to pay Named Plaintiff and WHL Plaintiffs overtime wages for time spent performing the Opening Procedures prior to clocking in during workweeks in which they worked more than 40 hours per workweek.

## CLASS ACTION ALLEGATIONS
**(New Jersey Wage Payment Law)**

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Named Plaintiff brings her claims asserting violations of the NJWPL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of

hourly employees of Defendant who work or worked for Defendant as teller supervisors, tellers, and /or in other non-exempt, hourly positions, who, during the time period from six (6) years prior to the filing of the instant action through the present, performed the Opening Procedures (defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "WPL Plaintiffs").

26. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

27. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all WPL Plaintiffs, was an hourly employee whom Defendant required to perform Opening Procedures off-the-clock without compensation.

28. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

29. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

32. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and WPL Plaintiffs wages for time spent performing the Opening Procedures and other duties prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and WPL Plaintiffs, and 3) whether Defendant breached and violated their contracts with WPL Plaintiffs.

## **CLASS ACTION ALLEGATIONS**
**(New Jersey Common Law)**

33. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

34. Named Plaintiff brings her claims asserting violations of the Common Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of hourly employees of Defendant who work or worked for Defendant as teller supervisors, tellers, and/or in other non-exempt, hourly positions, who, during the time period from six (6) years prior to the filing of the instant action through the present, performed the Opening Procedures (defined below) and were subject to the wage and hour policies described

herein (hereinafter the members of this putative class are referred to as "Common Law Plaintiffs").

35. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

36. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Common Law Plaintiffs, was an hourly employee whom Defendant required to perform Opening Procedures off-the-clock without compensation.

37. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

38. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

39. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

41. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and Common Law Plaintiffs wages for time spent performing the Opening Procedures and other duties prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and Common Law Plaintiffs, 3) whether Defendant breached and violated its contracts with Common Law Plaintiffs; 4) whether Defendant is liable to Common Law Plaintiffs pursuant to quantum meruit; and 5) whether Defendant has been unjustly enriched by its failure to pay Common Law Plaintiffs for time worked.

## FACTUAL BACKGROUND

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Hereinafter, Collective Plaintiffs, WHL Plaintiffs, WPL Plaintiffs, and Common Law Plaintiffs collectively are referred to as "Class Plaintiffs."

44. From in or around July 2018 until in or around August 2019, Defendant hired Named Plaintiff as a teller supervisor.

45. Throughout Named Plaintiff's employment, Defendant paid her an hourly rate.

46. Class Plaintiffs worked/work for Defendant as tellers and/or in other non-exempt, hourly positions subject to Defendant's practices and policies described herein.

47. Defendant paid/pay Class Plaintiffs hourly rates.

48. During the time period from two (2) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which her aggregate work hours, including both the time recorded by Defendant and the off-the-clock time she worked as alleged herein, exceeded forty (40) hours.

49. During the time period from three (3) years prior to the filing of the instant action through the present, Collective Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

50. During the time period from two (2) years prior to the filing of the instant action through the present, WHL Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

51. During the time period from six (6) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which the work hours Defendant recorded were less than 40 and she performed the Opening Procedures at least once.

52. During the time period from six (6) years prior to the filing of the instant action through the present, WPL Plaintiffs and Common Law Plaintiffs each worked at least one workweek in which the work hours Defendant recorded were less than 40 and they performed the Opening Procedures at least once.

## Unpaid Pre-Shift Time

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. Defendant's policies required/require that two employees open the bank each day the bank is open for business.

55. Defendant routinely required/require Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to assist in opening the bank branch where they were employed.

56. Per Defendant's policies and procedures, the employees who are/were assigned to open the bank, including Plaintiffs, are/were required to engage in significant pre-shift security procedures, both inside and outside the building, prior to being permitted to clock-in.[1]

57. Once the security procedures are completed, Plaintiffs are/were required to turn on their computer, wait for the computer to boot-up, open the internet homepage, wait for the timekeeping webpage to load, log into the timekeeping webpage, which permitted/permits them to clock-in, and then clock-in. (Hereinafter the security procedures, booting up the work computer, and opening the program to clock-in are collectively referred to as the "Opening Procedures.") None of the time Plaintiffs spent/spend engaging in the Opening Procedures prior to clocking-in is paid by Defendant; all such work was performed "off-the-clock."

58. Defendant paid Plaintiffs only for the time they are/were clocked into work.

59. Much of this uncompensated time consists of time worked in excess of 40 hours per workweek.

60. Accordingly, by failing to pay Named Plaintiff, Collective Plaintiffs, and WHL Plaintiffs for this time, Defendant has failed to pay proper overtime compensation.

61. The aforementioned conduct has caused Plaintiffs to suffer damages.

---

[1] Named Plaintiff has opted not to explicitly list each security procedure which Defendant require/required because doing so could potentially expose Defendant to security risks. Should this Court or Defendant seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named Plaintiff is prepared to do so.

## COUNT I
## Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

64. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

65. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

66. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

67. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for hours spent performing the Opening Procedures.

68. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

69. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
## Violations of the New Jersey Wage and Hour Law as amended by P.L.2019, c. 212 ("NJWHL")
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and WHL Plaintiffs v. Defendant)**

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the NJWHL.

72. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and WHL Plaintiffs.

73. At all times relevant herein, Named Plaintiff and WHL Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWHL.

74. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her base rate for each hour worked in excess of forty hours per workweek.

75. Defendant's violations of the NJWHL include, but are not limited to, not paying Named Plaintiff and WHL Plaintiffs all overtime wages earned for hours spent performing the Opening Procedures.

76. As a result of Defendant's unlawful conduct, Named Plaintiff and WHL Plaintiffs have suffered damages as set forth herein.

### COUNT III
### Violations of New Jersey Wage Payment Law as amended by P.L.2019, c. 212 ("NJWPL")
**(Unpaid Non-Overtime Wages)**
**(Named Plaintiff and WPL Plaintiffs v. Defendant)**

77. The foregoing paragraphs are incorporated herein as if set forth in full.

78. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the NJWPL.

79. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and WPL Plaintiffs.

80. At all times relevant herein, Named Plaintiff and WPL Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWPL.

81. Defendant failed to pay Named Plaintiff and WPL Plaintiffs their hourly wages for non-overtime hours (i.e., hours worked between 1 and 40 hours in a workweek) spent performing the Opening Procedures.

82. Named Plaintiff and WPL Plaintiffs had an agreement with Defendant obligating Defendant compensate them with their hourly rate for every hour worked.

83. Defendant violated the NJWPL by failing to pay Named Plaintiff and WPL Plaintiffs their hourly wages for all non-overtime hours worked.

84. As a result of Defendant's unlawful conduct, Named Plaintiff and WPL Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**Violations of New Jersey Common Law**
**(Named Plaintiff and Common Law Plaintiffs v. Defendant)**
**Quantum Meruit / Unjust Enrichment**

85. The foregoing paragraphs are incorporated herein as if set forth in full.

86. Defendant failed to pay Named Plaintiff and Common Law Plaintiffs their hourly wages for non-overtime hours (i.e., hours worked between 1 and 40 hours in a workweek) spent performing the Opening Procedures.

87. Named Plaintiff and Common Law Plaintiffs reasonably expected Defendant to compensate them for performing the Opening Procedures.

88. Defendant recognized the benefits conferred upon it by Named Plaintiff and Common Law Plaintiffs performing the Opening Procedures.

89. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

90. Defendant has thereby been unjustly enriched and/or Named Plaintiff and Common Law Plaintiffs have been damaged.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, WHL Plaintiffs, WPL Plaintiffs, and Common Law Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, WHL Plaintiffs, WPL Plaintiffs, and Common Law Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(2) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3) Named Plaintiff, Collective Plaintiffs, and WHL Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(4) WHL Plaintiffs are to be awarded liquidated damages in an amount equal to 200% of the actual damages under the NJWHL;

(5) WPL Plaintiffs are to be awarded liquidated damages in an amount equal to 200% of the actual damages under the NJWPL;

(6) Named Plaintiffs and Class Plaintiffs are to be awarded compensatory damages, pre-judgment and post-judgment interest at the applicable legal rate due to Defendant's breach of the contracts and/or Defendant's unjust enrichment and/or quantum meruit;

(7) Named Plaintiff's, Collective Plaintiffs', WHL Plaintiffs', WPL Plaintiffs, and Common Law Plaintiffs' claims are to receive a trial by jury.

                                        Respectfully Submitted,

                                        */s/ Matthew Miller*
                                        Matthew D. Miller, Esq.
                                        Justin L. Swidler, Esq.
                                        Richard S. Swartz, Esq.
                                        **SWARTZ SWIDLER, LLC**
                                        1101 Kings Highway N., Suite 402
                                        Cherry Hill, NJ 08034
                                        Phone: (856) 685-7420
                                        Fax: (856) 685-7417

Date: October 15, 2019