[Doc. Nos. 31, 43]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| D. KRESS, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>FULTON BANK, N.A.<br><br>Defendant. | Case No. 1:19-cv-18985-CDJ-MJS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

AND NOW, this **30th** day of **June**, **2022**, upon consideration of Plaintiff's Motion for Preliminary Approval of Class and Collective Settlement and Provisional Certification of Settlement Class and Collective, which is unopposed; and for all of the reasons set forth in the Report and Recommendation ("R&R") issued pursuant to 28 U.S.C. § 636(b)(1) [Doc. No, 43]; and subsequent to the issuance of the R&R, the Court, with the consent of counsel, having signed an order referring all settlement-related proceedings before this Court, including resolution of the Motion for Preliminary Approval of Class and Collective Settlement and Provisional Certification of Settlement Class and Collective filed on Feb. 1, 2021 [Doc. No. 31], as well as including any final settlement fairness hearing to the undersigned United States Magistrate Judge; and, therefore, the undersigned having now approved and adopted the R&R; and for the reasons set forth in the R&R; and for good cause shown; the Court grants Plaintiff's unopposed Motion and ORDERS as follows:

    1.    Plaintiff in the above-captioned litigation, Opt-In Plaintiff Moneta Stephens, and Defendant Fulton Bank, N.A. (the "Parties") have participated in settlement negotiations with the assistance of Magistrate Judge Joel Schneider, now retired, and executed a proposed Settlement Agreement ("Settlement" or "Agreement") that was filed with the Court on February 11, 2021.

Pursuant to the Agreement, Plaintiff moved for entry of an order granting preliminary approval of the Settlement. The Court hereby incorporates the terms of the Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Agreement. Having reviewed the Agreement and considered the submissions, arguments, and authorities in support of preliminary approval of the Settlement, the Court, as addressed in further detail in the R&R, which shall now serve as the opinion of the court, finds as follows.

2. The Parties' Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), and as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. On a preliminary basis, taking into account (a) the value and certainty of the benefits to be provided by the Settlement to Settlement Class Members and Settlement Collective Members; (b) the defenses asserted by Defendant; (c) the risks to Plaintiff and the Settlement Class/Settlement Collective that Defendant would successfully defend against class and collective certification and/or against the merits of the claims alleged in this case; and (d) the length of time that would be required for Settlement Class Members or Settlement Collective Members to litigate to an uncertain final judgment through one or more trials and appeals, the Court finds that the Settlement appears sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class and Settlement Collective as set forth in the Agreement.

4. Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (a) the Parties reached the Settlement only after they were adequately informed through relevant discovery; (b) the extensive negotiations were contentious, arm's-length, and facilitated by Magistrate Judge

Schneider, now retired; and (c) the proponents of the Settlement are experienced in similar litigation. Accordingly, for all of these reasons, the Settlement is hereby preliminarily approved.

5. Pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court provisionally certifies for settlement purposes only the following Settlement Class and conditionally finds that the Plaintiff is an adequate representative of the Settlement Class:

> all current and former employees who are designated as full-time in Defendant's Human Resources system known as Ultipro ("Full-Time Employees") and who have worked for Fulton Bank, N.A. in New Jersey, or Fulton Bank of New Jersey, at any time from August 9, 2017 through September 1, 2020 (the "Relevant Period") in a retail banking branch in one or more of the following hourly-paid positions, including those with a designation of senior, floating, or bilingual: teller, teller supervisor/head teller, customer service representative, customer service representative supervisor, assistant branch manager, financial center supervisor, universal banker, or sales and service specialist (the "Covered Positions").

6. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies for settlement purposes only the Settlement Collective, which includes:

> all current and former Full-Time Employees who have worked for Fulton Bank, N.A. or any bank which merged into Fulton Bank, N.A., at any time during the Relevant Period in a retail banking branch in one or more Covered Positions.

7. Specifically, with respect to conditionally certifying the Settlement Collective and provisionally certifying the Settlement Class, the Court considered: (a) information, arguments, and authorities provided by Plaintiff in her brief in support of the motion for entry of an order granting preliminary approval to the Settlement; (b) the terms of the Agreement, including, but not limited to, the definition of the Settlement Class and Settlement Collective and the benefits to be provided to the members; and (c) with respect to the Settlement Class, the Settlement's elimination of any potential manageability issue that may otherwise have existed if the case continued to be litigated.

8. With respect to the Settlement Class, the Court provisionally finds for settlement purposes only at this time that the prerequisites for a class action under Rules 23(a) and (b)(3) of

the Federal Rules of Civil Procedure have been satisfied. The Court provisionally finds, in the specific context of this Settlement, that the following requirements are met with respect to the Settlement Class: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class Members she seeks to represent for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the case is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the case.

9. The Court provisionally appoints Swartz Swidler, LLC as Class Counsel.

10. The Court appoints Epiq as the Administrator to provide notice to the Settlement Class and Collective and administer the Settlement pursuant to the terms of the Agreement. The Administrator shall submit to the jurisdiction of this Court with respect to all aspects of the Settlement, and is bound to follow all terms and conditions set forth in the Agreement.

11. Each and every time period and provision of the Agreement is deemed incorporated in this Order as if expressly set forth here and has the full force and effect of an Order of this Court. The Court calls attention to some of these time periods and provisions through the following partial schedule:

| Defendant Provides Administrator the Settlement Collective and Settlement Class Lists | Within twenty-one (21) calendar days after entry of this Preliminary Approval Order |
|---|---|
| Settlement Administrator establishes Settlement Website | Within ten (10) business days after entry of this Preliminary Approval Order |
| Mailing of Class Notice and Opt- In Consent Form | Within thirty (30) days of the Administrator receiving the Settlement Collective and Settlement Class Lists. |
| Deadline for Settlement Collective Members and Settlement Class Members to return Claim Form, objection or Request for Exclusion ("Claim Deadline") | The later of forty-five (45) days after the Administrator initially mails the applicable Notice of Settlement and Claim Form, or thirty (30) days after the date of re-mailing in the event that the initial mailing is returned as undeliverable |
| Plaintiffs' Motion for Final Approval of Settlement | Fourteen (14) days prior to the Final Approval Hearing |
| Final Approval Hearing | Date: **December 8, 2022** |

12. The Court approves the Claim Form and the forms of the Notices of Settlement attached as Exhibits A-C to the Agreement. The Court finds that the proposed methods of notice set forth in the Agreement satisfy the requirements of due process, the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court specifically finds that the language that will be included on the Check Opt-In Form and the Claim Form constitutes a consent to join this lawsuit for settlement purposes only, pursuant to 29 U.S.C. § 216(b), and to release the Released Claims, including claims under the FLSA. Such language also is sufficient to establish a bona fide dispute under the FLSA between the Settlement Participant and

Defendant.

13. All proceedings in this case, including Defendant's deadline for filing a responsive pleading to Plaintiff's Complaint, are stayed pending the final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

14. If the Agreement is revoked, terminated, or not consummated for any reason whatsoever or if this Court (or an appellate court on appeal) does not grant final approval of the Settlement, the conditional certification of the Settlement Collective and Settlement Class shall be void, and Defendant shall retain all defenses, and shall also retain the right to oppose any and all collective and class certification motions for any reason.

15. The Final Approval Hearing is hereby set for **December 8, 2022** at **10:00 a.m.**, in **Courtroom 3C at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey**.[1] The date and time of the Final Approval Hearing will be set forth in the Notices of Settlement and the Settlement Website, but the Final Approval Hearing is subject to adjournment by the Court without further notice to Settlement Collective Members and Settlement Class Members other than that which may be posted by the Court and on the Settlement Website.

16. Only Settlement Class Members who have not excluded themselves from the Settlement and have filed and served timely and valid objections to the Settlement pursuant to the terms of the Agreement shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve a valid objection in writing to the Settlement, entry of a Final Approval Order, or Class Counsel's application for fees and costs

---

[1] Pursuant to the consent to magistrate judge jurisdiction, the notice forms provided by counsel with the motion should be modified to reflect that the approval hearing is now before Magistrate Judge Skahill.

and for the awards proposed for Plaintiff Desiree Kress and Opt-In Plaintiff Moneta Stephens, in accordance with the procedures set forth in the Notice of Settlement, shall be deemed to have waived any such objection.

IT IS SO ORDERED this **30th** day of **June**, **2022**.

/s/ Matthew J. Skahill

_____
Honorable Matthew J. Skahill
United States Magistrate Judge